UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYBRID CAPITAL GROUP, LLC, and VSG INTERNATIONAL, LLC,<br><br>                          Plaintiffs,<br><br>                    -v.-<br><br>BERT PADELL & COMPANY, INC, GLENN A. GIBSON JR., LISA GORDON, and PUBLIC ADMINISTRATOR OF NEW YORK COUNTY,<br><br>                          Defendants. | 17 Civ. 6343 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Plaintiffs' default judgment papers and understands that Plaintiffs ask the Court to enter default judgment against the Public Administrator of New York County (the "Public Administrator"). (*See* Dkt. #97-100, 103). The Court notes that Plaintiffs served the Public Administrator with the summons and complaint in this action, as well as the order to show cause why default judgment should not be entered, at 31 Chamber St., Suite 311 New York, NY 10007. (*See* Dkt. #78, 105).

Plaintiffs are hereby ORDERED to provide supplemental briefing, on or before **July 10, 2020,** to explain how it is that service was proper as to the Public Administrator, and how it is that the Court can enter a default judgment against the Public Administrator, an agency of the City of New York, in light of New York City Charter § 396, which states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by law." See also Ximines v. George Wingate High School, 516 F.3d 156, 160 (2d Cir. 2008) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued."); Davis v. City of New York, No. 00 Civ. 4309 (SAS), 2000 WL 1877045, at *11 (S.D.N.Y. Dec. 27, 2000) (holding that New York CIty Police Department is a non-suable agency of the City of New York); Green v. Pryce, No. 15 Civ. 3527 (MKB), 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015) (holding the same with respect to the New York City Human Resources Administration); Barricelli v. City of New York, No. 15 Civ. 5273 (LTS) (HBP), 2016 WL 4750178, at *8 (S.D.N.Y. Sept. 12, 2016) (holding the same with respect to the New York City Administration for Children's Services); Palisades Safety & Ins. Ass'n v. Office of New York City Comptroller, 63 Misc.3d 1234(A), at *2, 115 N.Y.S.3d 834 (TABLE) (N.Y. Civ. Ct. 2019) (holding the same with respect to the City Comptroller and the New York City Fire Department); see also CIT Bank v. Dambra, No. 14 Civ. 3951 (SLT) (VMS), 2015 WL 7422348, at *3 n.2 (E.D.N.Y. Sept. 25, 2015).

    SO ORDERED.

Dated:  June 2, 2020
           New York, New York

                                                  KATHERINE POLK FAILLA
                                                  United States District Judge